Insurance Commissioner
**ACCEPTED SOP**

NOV 2 0 2025

TIME: 3pm

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY WASHINGTON

October 23 2025 11:53 AM

PIERCE COUNTY CLERK
**NO: 25-2-12576-4**

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| BRIAN DEWELL, an individual, | Case No. |
| Plaintiff, | **PLAINTIFF'S COMPLAINT** |
| v. | |
| INTEGON NATIONAL INSURANCE COMPANY, a company doing business in the State of Washington, | |
| Defendant. | |

Plaintiff Brian Dewell, individually and through his counsel of record, alleges as follows:

## I. PARTIES

1.1    At all times relevant to Plaintiff's Complaint, Plaintiff Brian Dewell resided in Tacoma, Pierce County, Washington.

1.2    At all times relevant to Plaintiff's Complaint, Integon National Insurance Company was an insurance company doing business in the State of Washington.

PLAINTIFF'S COMPLAINT
PAGE 1 OF 6

BRUMLEY LAW FIRM, PLLC.
1303 Central Ave. S., Ste. 201
Kent, WA 98032
253-236-4079

## II. JURISDICTION & VENUE

2.1    The motor-vehicle collision giving rise to Plaintiff's Complaint (Collision) occurred on or about July 28, 2023.

2.2    The Collision occurred in Tacoma, Pierce County, Washington.

2.3    This Court has jurisdiction over the parties under RCW 2.08.010.

2.4    Venue is proper under RCW 4.12.020 because the Collision occurred in Pierce County, Washington.

## III. FACTS

3.1    The Collision occurred on or near the intersection of Waller Road East and 152nd Street East, in Tacoma, Washington.

3.2    Plaintiff was the restrained driver of a 2021 Jeep Grand Cherokee.

3.3    Non-party Gary Irwin was the driver of a 2016 Ford F-150.

3.4    Plaintiff was lawfully stopped at a red light in the proper lane of travel when Non-party Irwin's vehicle approached from behind, failed to stop, and violently struck the rear of Plaintiff's vehicle. The force of the impact was sudden and unexpected, propelling Plaintiff's vehicle forward from a complete stop.

3.5    Plaintiff could do nothing to avoid the Collision.

3.6    Non-party Gary Irwin's failure to avoid a collision was the sole proximate cause of the Collision.

3.7    Plaintiff brought a claim for his injuries with Gary Irwin's insurer. Plaintiff settled his claim against Irwin for the bodily injury policy limits of Irwin's State Farm policy. Irwin's bodily injury per person limit through State Farm was $50,000.

3.8    Plaintiff then made an underinsured/uninsured motorist (UIM) claim with his own insurer, Defendant Integon National Insurance Company.

PLAINTIFF'S COMPLAINT
PAGE 2 OF 6

BRUMLEY LAW FIRM, PLLC.
1303 Central Ave. S., Ste. 201
Kent, WA 98032
253-236-4079

3.9     Plaintiff Dewell's policy (#2018099641) in effect at the time of the Collision was underwritten by Defendant Integon National Insurance Company.

3.10    Plaintiff Dewell's Integon National Insurance Company (Policy) provided underinsured motorist bodily injury benefits of $50,000 per person and $100,000 per accident.

3.11    The Policy provides that Defendant Integon National Insurance Company "will pay compensatory damages which an 'insured' is legally entitled to recover from the owner or operator of an 'underinsured motor vehicle'" because of bodily injury sustained by an insured and caused by an accident.

3.12    There is no dispute that Plaintiff qualifies as an insured under the Policy for purposes of his UIM claim or that the at-fault was underinsured given the injuries suffered and damages sustained by Plaintiff.

3.13    Nevertheless, Defendant refused to pay Plaintiff the UIM benefits he is entitled to under the Policy. The amount of benefits (cash payment) offered by Defendant on Plaintiff's UIM claim was so low that it amounted to a denial of benefits in violation of Washington law, and, as such, Defendant and Plaintiff reached an impasse in their negotiations to settle Plaintiff's UIM claim.

# IV. CAUSES OF ACTION

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

4.1     Plaintiff incorporates all allegations set forth above as though fully stated herein.

4.2     Defendant breached their duties to Plaintiff under the Policy by denying his UIM benefits that he was entitled to under the Policy. Defendant's new money offer to

PLAINTIFF'S COMPLAINT
PAGE 3 OF 6

BRUMLEY LAW FIRM, PLLC.
1303 Central Ave. S., Ste. 201
Kent, WA 98032
253-236-4079

Plaintiff on his UIM claim was so low that it amounted to a denial of benefits and forced Plaintiff to initiate suit to obtain the UIM benefits to which he is entitled.

4.3     Defendant also breached their duties to Plaintiff by failing to provide a clear explanation of their evaluation of Plaintiff's damages arising from the Collision or any evidence contrary to the findings of Plaintiff's medical providers as expressed in his medical records.

4.4     By failing to pay Plaintiff the UIM benefits he was entitled to under the Policy or provide a clear explanation of its evaluation of Plaintiff's damages arising from the Collision, Defendant breached their contractual duties to Plaintiff under the Policy and their statutory duties under Washington law.

4.5     As a result of Defendant's breach of their duties, Plaintiff has been deprived of critical UIM benefits that he is entitled to receive under the Policy and has been forced to file suit to obtain those benefits.

4.6     Plaintiff's damages include, among other things, the amount of damages wrongly withheld from him by Defendant and the costs incurred by him as a result of having to file suit to obtain those benefits.

## SECOND CAUSE OF ACTION: BAD FAITH

4.7     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

4.8     Defendant Integon National Insurance Company has acted in bad faith by entering into an adhesive contract with illusory promises regarding the settlement clause.

4.9     Plaintiff Brian Dewell attempted to negotiate this action and, instead, the negotiation offer was denied forcing Plaintiff to incur all costs associated with litigation including the filing fee and costs for service of process.

PLAINTIFF'S COMPLAINT
PAGE 4 OF 6

BRUMLEY LAW FIRM, PLLC.
1303 Central Ave. S., Ste. 201
Kent, WA 98032
253-236-4079

## THIRD CAUSE OF ACTION: BREACH OF DUTIES UNDER THE INSURANCE FAIR CONDUCT ACT

4.10    Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

4.11    Defendant Integon National Insurance Company's actions are in violation of RCW 48.30.010 in its duty of good faith and fair dealing requiring that all actions be actuated by good faith, to abstain from deception, and practice honesty and equity in all matters related to the business of insurance. Defendant Integon National Insurance Company unreasonably denied payment of $50,000 in UIM benefits in violation of Insurance Fair Conduct Act. As a result of its misconduct, Plaintiff is entitled to recover his actual damages sustained, together with the costs of the action, including reasonable attorney's fees and litigation costs.

## FOURTH CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY

4.12    Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

4.13    Defendant Integon National Insurance Company's actions are in violation of the Unfair Settlement Practices Act set forth in WAC 284-30 *et. seq.*, including requiring prompt, fair, and equitable settlements, as well as in violation of other statutory laws or regulations including as express duty not to compel its own insured to litigate against it to obtain payment of $50,000 in UIM limits.

## FIFTH CAUSE OF ACTION: BREACH OF CONSUMER PROTECTION ACT

4.14    Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

4.15    Defendant Integon National Insurance Company's actions are in violation of the Consumer Protection Act, RCW 19.86., *et. seq.*

PLAINTIFF'S COMPLAINT
PAGE 5 OF 6

BRUMLEY LAW FIRM, PLLC.
1303 Central Ave. S., Ste. 201
Kent, WA 98032
253-236-4079

## SIXTH CAUSE OF ACTION: NEGLIGENCE

4.16    Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

4.17    Defendant Integon National Insurance Company's actions were negligent and in violation of its duty to exercise reasonable care toward its first party insured, Plaintiff Brian Dewell.

## V. RESERVATION OF RIGHTS

Plaintiff reserves the right to assert additional claims as additional information is obtained through discovery.

## VI. PRAYER FOR RELIEF

Plaintiff prays that judgment be entered against Defendant:

(a)    For all general damages related to physical, mental, and emotional upset and disturbance resulting from Collision;

(b)    For costs and disbursements, including reasonable attorney's fees incurred in bringing this action, allowed by statute or rule; and

(c)    For such other and further relief this Court deems just and equitable.

Dated this 23rd day of October, 2025.

BRUMLEY LAW FIRM, PLLC

*/s/ Joshua Brumley*

Joshua Brumley, WSBA #49851
1303 Central Ave. S., Ste. 201
Kent, WA 98032
P: 253-236-4079 / F: 253-236-5590
Joshua@BrumleyLawFirm.com
*Attorney for Plaintiff Brian Dewell*

PLAINTIFF'S COMPLAINT
PAGE 6 OF 6